Cowan, McClung & Co. *v.* Mann.

3L 229
14L 310

COWAN, McCLUNG & CO. *et al. v.* E. MANN *et als.*

1. MARRIED WOMEN. *Marriage Contract. Effect of its not being Registered.* A marriage contract, not registered in a county to which the husband removes is, under act of 1831, Code, sec. 2035, void as to creditors of the husband, and gives no protection to the property against legal process on the part of such creditors. The contract is good, however, between husband and wife, and the property does not vest absolutely in him, if it be personalty. It is only not protected as against creditors.

2. SAME. *Same. Chose in action.* To be subject, however, to the creditors, if a chose in action, the proceeds must be reduced to possession of the wife, and be in possession of husband when the process attaches to or is fastened on it. If the wife has money in her hands, proceeds of her real estate, and loans it to a firm of which her husband is a member, taking notes for it, this debt cannot be subjected to her husband's creditors. It is a chose in action not reduced to possession in that form.

-3. SAME. *Same. Same.* So also a debt purchased by the wife with her money, arising from her separate estate, is not subject to her husband's creditors.

**4. SAME.** *Same.* The wife held entitled to receive proceeds of trust property conveyed by husband's firm to secure re-payment of money loaned to firm, under facts of this case. *Embry and Young* v. *Robinson,* 7 Hum., 144, Coop. Ed.

FROM KNOX.

Appeal in error from the Chancery Court of Knox county. O. P. TEMPLE, Ch.

WEBB, LUCKEY and CORNICK for complainants.

HENDERSON & JOUROLMON for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed by complainants as creditors of E. Mann & Co., a firm composed of E. Mann and W. T. Mann, seeking to subject certain property, both real and personal, in the county of Knox, to the payment of their debts. We do not understand the claim of the bill to be insisted on in argument here, so far as the real estate is concerned, and need not notice that aspect of the case.

The real contest is, as to the claim of the wife of E. Mann to the sum of $2,940.65, and to a debt against the firm in favor of Wood, Marsh & Co., of Philadelphia, which has been bought by Mrs. Mann, or her *pro rata* of these debts, under a deed of trust made by the firm to one Barnes, by which the assets of the firm were assigned to be sold, and proceeds applied *pro rata* to their debts, the two metioned included.

A short statement will serve to present the facts on which the questions to be decided are raised.

In 1872, Mrs. Mann, then Mrs. Wallace, intermar-

Cowan, McClung & Co. *v.* Mann.

ried with respondent, E. Mann, in the county of Blount. She had a considerable estate, consisting of a valuable tract of land and personal property. By an ante-nuptial contract, this whole estate was secured to her sole, separate and exclusive use, with the amplest power of control and disposition of the same, making her, in this respect, equal to a *feme sole.*

This contract was duly registered in the county of Blount, where the husband then resided, and where the property was situated. Some years afterward, however, Mrs. Mann sold the land to one Wright, for the sum of ten thousand dollars, five thousand of which was paid January, 1875, the next note when it fell due, leaving one note of $2,500 unpaid, which has been used as collateral with one of the banks of Knoxville, a defendant to this suit.

Soon after this sale the parties removed to Knox county. The husband and son engaged in mercantile business, and became insolvent in about a year, making the assignment to Barnes, to which we have referred.

The wife loaned the sum of money secured by the deed of assignment to the firm, taking the firm notes for it. She also, with five hundred dollars of her money derived from the secured estate, and about $200 received as her *pro rata* from the trust, advanced to her by Barnes, the trustee, purchased the large debt due Wood, Marsh & Co., and now claims the *pro rata* share of the assigned fund due on that.

The ante-nuptial marriage contract was not registered in Knox county until about six months after the bill in this case was filed.

The bill claims to have been filed under sec. 4288 of the Code, authorizing a creditor, without first having obtained a judgment at law, to file a bill for himself or on behalf of other creditors, to set aside "fraudulent conveyances of property, or other devices resorted to for the purpose of hindering and delaying creditors, and to subject the property, by sale or otherwise, to payment of the debt." The next section authorizes the issuance of writs of attachment and injunction on filing such a bill, and prescribes the terms of the bond to be given in such cases.

In this case there is no attachment sought nor issued; an injunction is, however, and the parties inhibited from transferring or incumbering the debts sought to be reached, to-wit: the surplus, if any, of the last note, and the Wood, Marsh & Co. debt, and the debt due to Mrs. Mann; and these debts are asked to be declared void, that is, the two debts, and no dividends allowed to be paid by the trustee on them, and any surplus of the note held by the bank appropriated to payment of complainants' debts. Complainants do not, however, insist now on the right to appropriate the surplus of this last note, so that the only question presented is, whether they can have the notes or debts of $2,940.65 and the Wood, Marsh & Co. dividends, indirectly appropriated to their benefit, by declaring the debt as due to the husband, and nothing shall be paid on them to the wife.

The principles of law on the subject of ante-nuptial marriage contracts in our State, in the aspect now presented, are well settled. Before our registry act

of 1831, it had been settled that registration was only necessary to protect against the creditors of the grantor, under the act of 1785. Since the act of 1831, however, it is equally well settled that registration is required in accord with that act and Code, sec. 2035, in order to protect property secured to the wife by a marriage contract from the creditors of the husband.

That section provides that "marriage contracts in which the wife's property before marriage is settled on her or a trustee for her use, shall .be registered in the county where the husband resides at the time of marriage, and in any county in the State to which he may remove with the property—and if made out of the State, is to be registered in any county in the State to which they may remove with the property."

With these principles settled, it follows that while the marriage contract was perfectly good, as between the husband and wife, it interposed no obstacle to a creditor of the husband in enforcing by due process of law a claim against the husband or against the property embraced in it for want of registration in the county of Knox, to which he had removed with the property, other things being out of the way.

We have then the case of a husband, with the proceeds of the real estate of his wife in her hands, which property itself before conversion, was not, or would not have been protected in the county of Knox, had it been there located by the marriage contract, for want of registration in the county. It would, however, have stood as any other real estate, and been protected by the act of 1849–50, Code, section 2481,

from the husband's debts, which statute exempts the interest of the husband in the real estate of his wife, acquired by her either before or after marriage in any mode whatever. When the wife sold the real estate, and converted it into money and choses in action, as she had the right to do, it then stood as any other personalty in her hands as wife, so far as the husband's creditors were concerned, in the county of Knox, being unprotected by the marriage contract, for want of registration; as between them (that is husband and wife) it was protected by it, the contract only being void as to creditors.

The chose in action being in the name of the wife, proceeds of her property secured by the marriage contract, would not be subject to his debts, because not reduced to possession, the right of the wife still exististing till then, so that if she survived him the marriage right could not fix on them, and she would be entitled to these notes. 3 Sneed, 540. See Wait's Actions and Defs., vol. 3, 639–40, anthorities there cited.

If chattels had been received for the land or purchased with its proceeds, the possession of the wife would have been the possession of the husband, and as against a creditor in Knox county the marriage contract would have interposed no barrier to their appropriation under process of law to the husband's debts. So, when the money was received by the wife, nothing else appearing, if legal process had been fastened on that while in the possession of the wife, or a lien fixed, the same result would have followed. The pos-

session ot money by the wife is the possession of the husband. *Hudiburg* v. *Youst*, 2 Lea, 627.

But in this case, before any such process has been fastened on this money, or lien fixed on it, the money was loaned by the wife to the firm of Mann & Co., and the chose in action due from that firm is in possession of, and given to the wife, and that is what is sought to be reached in the case of the debt due from the firm to her for loaned money.

We cannot see how the creditor stands in any higher position as to this, than he does as to the notes given for the land, or any other chose in action, the proceeds of which are not reduced to his possession during his coverture. The fallacy of complainant's argument rests in the assumption that in the case of property covered by an unregistered marriage contract, in possession of husband and wife, when it is open to legal process and liable to it at any time, that the right remains, even after the possession of the husband is gone. In other words, that this money became absolutely the husband's property by virtue of the marital right. This is not true. If this theory were correct, and the creditor's right is fixed on the property, because it might have been subjected, then the subsequent registration of the instrument would fail to protect it, as to debts contracted by the husband before registration, though such debts were simply contracts, giving no liens on his property. Such a conclusion would hardly be maintained by complainant's counsel.

The money or a chattel might, as such, have been

subjected to his debt, because of want of registration· of the marriage contract, but the right was only in him as against it. As soon as its form is changed so that it ceased to be thus in the possession of the husband by virtue of his marital right, the creditors' right ceases. It did not vest as personalty absolutely in the husband, as between him and his wife, because of the contract valid, as between them. It was only unprotected from legal process by a creditor by the provisions of the act of 1831, and section of the Code embodying that act. It follows, that having failed to fasten on the money while in possession of the wife, when that money has been disposed of, and become a debt due to the wife, it is freed from such liability, and stands as her chose in action, until the money should again come to her hands. A creditor certainly has not the right to enforce the collection of a chose in action due the wife in order that the proceeds may be reduced to possession, vest in the husband, and so be subject to his debt. This is practically what is sought to be done in this case.

The same principle applies to the debt of Wood, Marsh & Co. purchased by her with moneys received from her separate estate and dividends. This is a chose in action due the wife, of which the husband was not possessed at the time of filing this bill, and which cannot be reached directly or indirectly in that form in this proceeding.

The registration of the marriage contract since the bill was filed, as a matter of course, will protect the money when it shall be paid her, as it will be reduced

to possession after that registration. We would reach the same result under the principle of the case of *Embry and Young* v. *Robinson and wife,* 7 Hum., 444, Cooper Ed., and other cases, that a conveyance by a husband of property to a trustee for the benefit of the wife, before liens have attached, in consideration of her money received, and applied to the payment of his debts, which money was only receivable by him by assent of his wife, is based on a valuable consideration, and will be upheld. In fact, the case is one so nearly identical in its circumstances to the one now before us, as that we might well have rested the entire conclusion on the principle thus settled.

The result is, that the Chancellor's decree dismissing the bill is affirmed with costs.